UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| ERIC FLORES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0:15-CV-086-HRW |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNITED STATES ATTORNEY | ) | **AND ORDER** |
| GENERAL, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**** **** **** ****

## BACKGROUND

### I.    The Present Action

On October 15, 2015, plaintiff Eric Flores ("Flores"), formerly a three-strike prisoner[1] and currently a resident of El Paso, Texas, filed a 58-page, *pro se* Complaint against the United States Attorney General ("USAG") and the Federal Bureau of Investigation ("FBI"). The Complaint is entitled "Petition to Challenge the Constitutionality of the First Amendment" and is set forth on a template form presumably created by Flores, with blank spaces to fill in the geographic location

---

[1] See 28 U.S.C. § 1915(g).

(e.g., Ashland, Kentucky) where his legal claims are being filed. Complaint, (R. 1, at p. 5).

The Complaint is unintelligible and is basically a rambling narrative. From what can be gleaned, Flores first seeks to proceed *in forma pauperis* alleging that he is in imminent danger.[2] He also seeks to act *pro se* as the lead representative for a class of Mexican American citizens of the United States who reside in Texas.[3] Without detailing each and every allegation, one of Flores's representative claims is that:

> The organized group of executive employees of the federal government further then used advanced technology with a direct signal to the satellite in outerspace that has the capability of caculateing [sic] a genetic code to cause the petitioner severe pain for long durations exceeding calendar years in which was equivalent in intensity to a great amount of pain to the petitioners brain that impaired his thought process or ability to mentally function normally so as to prevent the petitioner from adequately appealing the aforementioned circumstances of the civil case to a higher court of law to prohibit the civil case from being remanded to the court of original jurisdiction and reinstituted for jury trial that could have resulted in criminal lawful sanctions against the organized group of

---

[2]Presumably, Flores derives this "imminent danger" language from prior cases he attempted to file in order to exempt application of the three strikes rule of 28 U.S.C. § 1915(g) so as to obtain leave to proceed *in forma pauperis*.

[3]The members of the purported class are relatives and friends of Flores and include: (1) Jorge Salas (deceased); (2) Gloria Salas; (3) Javier Vensor Flores; (4) Cynthia Lorenza Flores; (5) Javier Flores (deceased); (6) Ashley Rex Flores; (7) Jessica Lazarin; (8) Jessica A. Munoz; (9) Joann Flores; (10) Rudy Alva (deceased); (11) Cebastain Alva; (12) Evangelina Salas Mendoza (deceased); (13) Mary Salas; (14) Richard Salas; (14) Marciano Flores; and (15) Celia Flores.

executive employees of the federal government for not only engageing [sic] in negligent torturious [sic] conduct that resulted in the death of petitioners Uncle Jorge Salas, but also influenceing [sic], directing coerceing [sic], or otherwise bribeing [sic] and solicitateing [sic] another corrupt official to use the petitioners identity information to fabercate [sic] the petitioners signature on fabercated [sic] legal documents which were filed in a cause of action under the petitioners named [sic] so as to allow corrupt official to benefit from a money judgement [sic] to include assert a legal interest to overcome a want of prosecution in the ongoing public corruptions case in El Paso[,] Texas.

Complaint (R. 1 at 10-11). (brackets added). He contends that this governmental interference violated the First Amendment right to free exercise of religious belief with respect to the marriage vow against adultery. *Id.* The remainder of the Complaint contains more allegations of this ilk, including sexual assaults of others through advanced technology.

Accompanying the Complaint, Flores filed a Motion for Leave to Proceed *in forma pauperis* (R. 3).

**II.    Similar Litigation filed by Flores in Other U.S. District Courts**

On April 16, 2015, Flores filed a Complaint that is similar but not identical to the present Complaint, in the Western District of Texas (El Paso). *See Flores v. United States Attorney General. et al.,* Civil Action No. 3:15-00202-FM (W.D. Tex.) (El Paso) ("the Texas case"). That case had been transferred from the Eastern District of Oklahoma (Muskogee) based on improper venue. *See Flores v. United States Attorney General,* Civil Action No. 6:15-00139-JHP (E.D. Okla.

(Muskogee)).   On July 20, 2015, United States District Judge Frank Montalvo issued an Order in the Texas case (Docket No. 8) denying Flores's Application to Proceed *in forma pauperis*. That opinion noted the numerous cases filed against the USAG and others, which had been dismissed as frivolous and in which a monetary sanction has been imposed along with an Order enjoining Flores.   Further, Judge Montalvo noted that Flores had advanced these same claims in a prior suit; thus his claims were precluded by *res judicata*.   See Order in the Texas Case (Docket No. 8 at 3) citing *Flores v. U.S. Att'y Gen.*, EP-14-cv-00034-FM (W.D. Tex. Feb. 4, 2012) (Order Denying Plaintiff's Application to Proceed In Forma Pauperis and Dismissing Plaintiff's Complaint).   Specifically, the Court noted that Flores's representation of the proposed class "was found to be dubious and certification was denied." *See* Order in the Texas Case (Docket No. 8 at 3).   Moreover, Flores's claims were "deemed fanciful, fantastic, delusional, and baseless." *Id.*   Judge Montalvo dismissed Flores's Complaint with prejudice, noting that the Court's sanction of $100.00 imposed in that case remained in effect. *Id.* at 5.

On April 17, 2015, Flores filed substantially the same complaint (though not identical) in the U. S. District Court for the District of Montana (Helena). *See Flores v. United States Attorney General. et al.,* Civil Action No. 6:15-00032-DLC (D. Mont. (Helena) ("the Montana case").   Three days later, on April 20, 2015, Flores filed nearly the identical complaint, challenging the constitutionality of the

4

First Amendment to the U.S. Constitution, in the Northern Division of Mississippi (Greenville Division). *See Flores v. United States Attorney General. et al.,* Civil Action No. 4:15-00048-DMB (N.D. Miss. (Greenville) ("the Mississippi case").

Less than a month after filing the cases in Texas, Montana, and Mississippi, in May, 2015, Flores filed the same Complaint in the United States District Court, Middle District of Alabama (Eastern Division). *See Flores v. United States Attorney General. et al.,* Civil Action No. 2: I 5-cv-219-MHT (M.D. Al.). On May 11, 2015, United States District Judge Myron H. Thompson ordered the action to be transferred to the United States District Court for the Western District of Texas. After transfer, on May 15, 2015, Judge Montalvo issued an Order Denying Plaintiff's Application to Proceed In Forma Pauperis. *Id.*, at Docket No. 2 therein. That Order also noted Flores's history of filing frivolous cases, discussed application of *res judicata*, and dismissed the action with prejudice.

In addition to the cases noted above, a review of the PACER[4] records reflects numerous civil actions filed by Flores in other District Courts across the country, asserting the same challenges that Flores makes in the present action. Significantly, on May 20, 2015, United States District Judge Sharon L. Gleason entered an Order of Dismissal (Docket No. 7) in *Flores v. United States Attorney*

---

[4] **Error! Main Document Only.**PACER, the acronym for Public Access to Court Electronic Records, is the federal court system's online database. The PACER Case Locator is a national index for U.S. district, bankruptcy, and appellate courts. *See* http://pcl.uscourts.gov/search.

*General. et al.*, No. 2:15-cv-00002-SLG (W.D. Alaska (Nome)). In that Order, Judge Gleason noted that in one of his filings, Flores had indicated that he had filed the same civil cause of action in over 25 United States District Courts throughout the country. *Id.* at 2-3. She also noted that Flores's request for class certification had been denied because he is not an attorney. *Id.* at 5 n.3. Judge Gleason dismissed Flores's case with prejudice as frivolous.

## DISCUSSION

### A.    The Motion for Leave to Proceed In Forma Pauperis

Upon review of Flores's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing fee for this action. Therefore, his Motion for Leave to Proceed in forma pauperis [R. 3] will be sustained.

### B.    Screening of the Complaint

Pursuant to 28 U.S.C. § 1915(e)(2), a district court has authority to review the merits of a plaintiff's complaint prior to the issuance of summonses whenever a plaintiff seeks to proceed without prepayment of filing fees. Section 1915 authorizes a federal court to dismiss an *in forma pauperis* action if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). *In forma pauperis* complaints may be dismissed sua sponte and without notice under § 1915 if the claims are based on an indisputably meritless legal theory or if the factual allegations are clearly baseless. *Denton v. Hernandez*, 504

6

U.S. 25, 32-33 (1992). Further, a complaint may also be dismissed if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

For purposes of preliminary screening, Flores's Complaint is construed liberally because he is proceeding *pro se*. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

**C.    This Action is Frivolous. Malicious. Vexatious and Abusive**

Even under the most liberal of constructions, given Flores's extensive litigation history, including the filing of virtually the identical Complaint filed herein in many other U.S. District Courts across the country, including San Juan, Puerto Rico, and St. Croix, Virgin Islands,[5] no other conclusion can be drawn except that the instant action is yet another frivolous, malicious, vexatious, and abusive suit. Therefore, it will be dismissed with prejudice. The frivolousness of Flores's present complaint is so glaringly obvious that it warrants no further discussion and further expenditure of limited judicial resources. Therefore, this action will be DISMISSED with prejudice, pursuant to 28 U.S.C. §

---

[5]The Certificate of Service attached to Flores's Complaint filed in the Mississippi case reflects that he filed copies of his "Petition to Challenge the Constitutionality of the First Amendment" in twenty-nine United States District Courts throughout the country and in San Juan, Puerto Rico, and St. Croix, VI. *See Eric Flores v. United States Attorney General, et al.*, Case No. 4:15-cv-00048-DMB (N.D. Miss. 2015) (R. 1 at 64-65 therein).

1915(e)(2)(B)(i) and (ii).  Further, Flores's request to represent a purported class of Mexican American citizens will be DENIED not only because of the lack of merit, but because Flores cannot adequately and fairly represent the purported class because he is not a licensed attorney.

**D.      Certification That Any Appeal Would Not Be Taken in Good Faith**

In view of all of the above, this Court hereby CERTIFIES pursuant to 28 U.S.C. § 1 915(a)(3) and Fed. R. App. P. 24(a)(3)(A), that any appeal would not be taken in good faith.

Under 28 U.S.C. § 1 915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id.* Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, unless the district court certifies that the appeal is not taken in good faith. *Id.* "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958) (*per curiam*); *see Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000); *Wooten v. District of Columbia*, 129 F.3d 206, 208 (D.C. Cir. 1997).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. 325.  Such is the case here.  This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

Should Flores seek permission to proceed *in forma pauperis* on appeal, he may file any request directly to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"). See Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal *in forma pauperis* in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1).").

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Eric Flores's motion for leave to proceed *in forma pauperis* [R. 3] is **SUSTAINED**. All filing fees are waived, including the $50.00 administrative fee.

2. Plaintiff Eric Flores's request for class certification and to act as the lead plaintiff is **OVERRULED** and **DENIED**.

3. This action is **DISMISSED WITH PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

4. This Court **CERTIFIES** that any appeal of the dismissal of this action would not be taken in good faith.

5.    The Clerk is directed to transmit a copy of this Memorandum Opinion

and Order to the Sixth Circuit Court of Appeals.

This 2nd day of November, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge